IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREA NELKEN** | : |
| | : |
| Plaintiff, | : No.: 2:22-cv-777 |
| | : |
| vs. | : |
| | : **Jury Trial Demanded** |
| **WHOLE FOODS MARKET GROUP, INC.** i/t/d/b/a **WHOLE FOODS MARKET**, and **WHOLE FOODS MARKET IP, INC.**, i/t/d/b/a **WHOLE FOODS MARKET** | : |
| | : |
| Defendant. | : |

**NOTICE FOR REMOVAL OF ACTION**
**PURSUANT TO 28 U.S.C. §1441**

Defendant, Whole Foods Market Group, Inc. (misnamed, in part, "Whole Foods Market IP, Inc.") (hereinafter, "WFM"), hereby submits notice to the United States District Court for the Western District of Pennsylvania for the removal of the above-entitled action to this Honorable Court and, in support thereof, respectfully represents:

1. WFM is a corporation organized and existing under the laws of the State of Delaware having its principal place of business in the State of Texas.

2. Upon information, knowledge and belief, Plaintiff, Andrea Nelken, is an adult individual and citizen and resident of the Commonwealth of Pennsylvania residing at 640 Cascade Road, Allegheny County, Pennsylvania 15221.

3. At all times material hereto, WFM was duly registered to do, and was doing, business in the Commonwealth of Pennsylvania.

4. On or about February 8, 2022, Plaintiff instituted the above action, by Writ of Summons, a copy of which is attached hereto as Exhibit "A," in the Court of Common Pleas, Allegheny County, Docket No. GD-22-001542.

5. On March 29, 2022, WFM filed a praecipe for Rule to File Complaint, a copy of which is attached hereto as Exhibit "B," which was subsequently served upon Plaintiff's counsel.

6. On April 8, 2022, Plaintiff filed her Complaint, a copy of which is attached hereto as Exhibit "C," seeking damages for injuries she allegedly sustained at WFM's store located at 5880 Centre Avenue, Pittsburg, Pennsylvania as a result of WFM's alleged negligence.

7. Plaintiff filed this matter as a General Docket Major Jury matter, seeking damages for one count of negligence generally in excess of the arbitration limits in Allegheny County, together with any and all interest, associated costs and such other relief as the Court deemed just. See Exhibit "C" at the *ad damnum* clause.

8. At the time Plaintiff's Complaint was filed, WFM did not have notice that the value of Plaintiff's claims exceeded Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs. Bishop v. Sam's East, Inc., 2009 WL 1795316 (E.D. Pa., June 23, 2009) (holding that the filing of a complaint seeking damages in excess of the state court's arbitration limits does not suffice to place a defendant on notice that a plaintiff's claims meet the threshold level for diversity jurisdiction); *see also*, Alston v. Wal-Mart Stores East L.P., 2012 WL 4321973 (E.D. Pa., Sept. 20, 2012).

9. On or about May 4, 2022, WFM filed its Answer to the Complaint (the "Answer"), a copy of which is attached hereto as Exhibit "D," and in its New Matter it alleged as follows: "Plaintiff's claimed damages, if proven, are valued in an amount equal to or less than $75,000.00, exclusive of interest and costs." (Answer, ¶ 42)

10. Plaintiff's Reply to WFM's New Matter (the "Reply"), a copy of which is attached hereto as Exhibit "E," was filed on or about May 9, 2020, in which Plaintiff denied all paragraphs contained in WFM's New Matter including, without limitation, paragraph 42.

11. Plaintiff's Reply to WFM's New Matter constitutes an admission that the claimed damages, if proven, are valued in an amount exceeding $75,000.00, exclusive of interest and costs.

12. The Reply was the first "paper" which placed WFM on notice that the amount in controversy exceeded $75,000.00, exclusive of interest and costs.

13. The Reply constituted "other paper" under 28 U.S.C. § 1446(b)(3) and triggered the thirty (30) day removal period.

14. Diversity of citizenship exists between Plaintiff, a citizen and resident of the Commonwealth of Pennsylvania, and WFM, a corporation organized and existing under the laws of the State of Delaware having its principal place of business in the State of Texas.

15. Complete diversity of citizenship exists between the parties and removal is proper pursuant to 28 U.S.C. § 1441, *et seq.*

16. Said diversity of citizenship existed at the time the action sought to be removed was commenced and continues to the time of the filing of this Notice. Therefore, as to said claims and causes of action, WFM is entitled to removal pursuant to 28 U.S.C. §1441, *et seq.*

17. 28 U.S.C. §1446(b) reads, in pertinent part, that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 [diversity of citizenship] of this title more than 1 year after commencement of the action.

18. This Notice of Removal is timely under 28 U.S.C. §1446(b) as it is filed within thirty (30) days after WFM's receipt of a paper, to wit, the Reply, which first put WFM on notice that Plaintiff's claimed damages, if proven, are valued in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs. Moreover, this Notice of Removal is made within one (1) year after the filing of the Complaint on April 4, 2022.

WHEREFORE, the above action now pending against Defendant, Whole Foods Market Group, Inc., in the Court of Common Pleas, Allegheny County, is removed therefrom to this Honorable Court.

Respectfully submitted,

**CHARTWELL LAW**

Dated: May 26, 2022       BY:     /s/ John Wutz
                                                        JOHN M. WUTZ, ESQUIRE,
PA Identification No. 206435
One Logan Square
130 N 18th Street, 26th Floor
Philadelphia, Pennsylvania 19103
(215) 972-7006 (telephone)
(215) 972-7008 (facsimile)

Attorney for Defendant,
Whole Foods Market Group, Inc.
(misnamed, in part, "Whole Foods Market IP, Inc.")