# EXHIBIT "C"

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

ANDREA NELKEN;

       Plaintiff,

v.

WHOLE FOODS MARKET GROUP, INC., i/t/d/b/a WHOLE FOODS MARKET, and

WHOLE FOODS MARKET IP, INC., i/t/d/b/a WHOLE FOODS MARKET;

       Defendants.

CIVIL DIVISION

No. GD-22-001542

**COMPLAINT IN CIVIL ACTION**

Filed on Behalf of:
Plaintiff, Andrea Nelken

Counsel of Record for This Party:
CHRISTOPHER M. MILLER, ESQUIRE
PA I.D. #79533
Email Address: chris@dmlawpgh.com

SHAWN D. KRESSLEY, ESQUIRE
PA I.D.#309678
Email Address: shawn@dmlawpgh.com

DELVECCHIO & MILLER, LLC
428 Boulevard of the Allies
First Floor
Pittsburgh, PA 15219

(412) 434-1400 Telephone
(412) 434-1441 Facsimile

**JURY TRIAL DEMANDED.**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

ANDREA NELKEN;                                CIVIL DIVISION

        Plaintiff,                          No. GD-22-001542

v.

WHOLE FOODS MARKET GROUP, INC.,
i/t/d/b/a WHOLE FOODS MARKET, and

WHOLE FOODS MARKET IP, INC., i/t/d/b/a
WHOLE FOODS MARKET;

        Defendants.

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER [OR CANNOT AFFORD ONE], GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW [TO FIND OUT WHERE YOU CAN GET LEGAL HELP]. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**Lawyer Referral Service**
**Allegheny County Bar Association**
**11th Floor, Koppers Building**
**436 Seventh Avenue**
**Pittsburgh, PA 15219**
**(412) 261-5555 (Telephone)**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

ANDREA NELKEN;                                         CIVIL DIVISION

        Plaintiff,                                    No. GD-22-001542

v.

WHOLE FOODS MARKET GROUP, INC.,
i/t/d/b/a WHOLE FOODS MARKET, and

WHOLE FOODS MARKET IP, INC., i/t/d/b/a
WHOLE FOODS MARKET;

        Defendants.

## COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, Andrea Nelken, by and through her attorneys, DELVECCHIO & MILLER, LLC, CHRISTOPHER M. MILLER, ESQUIRE, and SHAWN D. KRESSLEY, ESQUIRE, and files and serves the within Praecipe for Writ of Summons in Civil Action, averring in support thereof as follows:

1. Plaintiff, Andrea Nelken is an adult individual who currently resides at 640 Cascade Road, Pittsburgh, Allegheny County, Pennsylvania 15221.

2. Defendant, Whole Foods Market Group, Inc., i/t/d/b/a Whole Foods Market, is a corporation or other jural entity which is licensed to conduct and transact business within the Commonwealth of Pennsylvania, and which regularly conducts business at 5880 Centre Avenue, Pittsburgh, Allegheny County, Pennsylvania 15206.

3. Defendant, Whole Foods Market IP, Inc., i/t/d/b/a Whole Foods Market, is a corporation or other jural entity which is licensed to conduct and transact business within the Commonwealth of Pennsylvania, and which regularly conducts business at 5880 Centre Avenue, Pittsburgh, Allegheny County, Pennsylvania 15206.

4. Upon information and belief, Defendants, Whole Foods Market Group, Inc., i/t/d/b/a Whole Foods Market and Whole Foods Market IP, Inc., i/t/d/b/a Whole Foods Market are believed to be affiliated corporate, jural and/or business entities, and therefore shall be referred to collectively throughout this Complaint in Civil Action as "Defendant, Whole Foods Market."

5. Upon information and belief, Defendant, Whole Foods Market is a retail business/grocery store that engages in the sale of various food items and other household consumer goods and products for their financial gain and benefit.

6. Upon information and belief, one or more of the named Defendants as identified herein owned, operated, leased, rented, maintained, occupied and/or otherwise controlled a business establishment located at located at 5880 Centre Avenue, Pittsburgh, Allegheny County, Pennsylvania 15206.

7. At all times relevant hereto, all named Defendants identified herein were vicariously liable for all acts and/or omissions of their agents, servants and/or employees, who were at all times material hereto acting within the course and scope of their employment with the named Defendants.

8. At all times relevant hereto, all named Defendants identified herein, and/or their agents, servants and/or employees, were responsible for the care, custody, control, service, maintenance, inspection and upkeep of the property, buildings and/or structures in question, including, but not limited to the removal of tripping hazards, and were likewise responsible for the safety and well-being of their customers, patrons, guests and business invitees of their business establishment.

9. At all times relevant and material hereto, all named Defendants owed a duty to and

had an obligation to any and all customers, patrons and business invitees, including Plaintiff, Andrea Nelken, to regularly inspect and examine their business premises for the existence of dangerous, hazardous and/or unsafe conditions.

10. At all times relevant and material hereto, all named Defendants owed a duty to and had an obligation to any and all customers, patrons and invitees, including Plaintiff, Andrea Nelken, to remediate, correct and/or remove any and all dangerous, hazardous and/or unsafe conditions from their business premises.

11. At all times relevant and material hereto, all named Defendants owed a duty to and had an obligation to any and all customers, patrons and invitees, including Plaintiff, Andrea Nelken, to warn them of the existence of any and all dangerous, hazardous and/or unsafe conditions existing in/on their business premises that were unable to be properly remediated, corrected and/or removed in a timely fashion.

12. The events hereinafter complained of took place on or about March 14, 2020, between the hours of 8:00 and 9:00 AM, at the Defendant, Whole Foods Market's business premises and/or business establishment.

13. On the aforementioned date, Plaintiff, Andrea Nelken, a business invitee, was on/in the Defendants' business premises in order to purchase groceries, with such actions inuring to the financial benefit and gain of the named Defendants.

14. While shopping for groceries within the Defendants' business establishment, Plaintiff, Andrea Nelken was subjected to a hidden condition which was unsafe, dangerous and/or hazardous, that being an exposed cord and/or wire, which constituted and/or created a tripping/fall hazard.

15. As a result of this hidden, unsafe, dangerous and hazardous condition, Plaintiff,

Andrea Nelken's foot unexpectedly caught the cord/wire, causing her to lose her balance and fall, whereby she sustained injuries and damages which will be more fully set forth hereinafter at length.

16. Upon information and belief, it is believed and averred that Defendant, Whole Foods Market had either actual and/or constructive notice of this dangerous, hazardous and unsafe condition, yet failed to take any remedial steps to correct/repair/remove the condition, and further failed to warn the general public and their business invitees, including Plaintiff, Andrea Nelken, of its existence.

17. As a direct and proximate result of the joint, several and combined negligence and carelessness of the Defendant, Whole Foods Market, Plaintiff, Andrea Nelken sustained various injuries, some or all of which may be permanent in nature, as follows:

    a. Left shoulder full-thickness rotator cuff tear;

    b. Left shoulder proximal biceps tear;

    c. Left shoulder impingement with subacromial bursitis;

    d. Right knee medial meniscal tear;

    e. Right knee injury as outlined by medical records;

    f. Right knee contusion;

    g. Right hip contusion;

    h. Lumbar spine injury as outlined by medical records;

    i. Concussion and Post-Concussive Syndrome;

    j. Ongoing fatigue;

    k. Right peripheral vestibulopathy affecting saccular function;

    l. Benign positional vertigo;

    m. Vestibular paroxysmia;

n. Vision problems and injury as outlined by medical records;

o. Various abrasions, contusions and bruising;

p. Various other injuries to her body as more specifically identified in her medical records;

q. Various other injuries to her body, the full extent of which are not yet known; and

r. Injuries and damages to the muscles, bones, ligaments, soft tissues, tendons, nerves, nerve roots and nerve endings of the various aforementioned areas of her body.

18. As a direct and proximate result of the aforesaid injuries, Plaintiff, Andrea Nelken has sustained the following damages:

a. She has been, and will be required in the future to expend large sums of money for medical attention, hospitalizations, medical supplies, medical appliances, medicines, services of doctors, nurses and various other healthcare professionals;

b. She has suffered and will continue to suffer from great pain, inconvenience, embarrassment, mental anguish and loss of enjoyment of life's pleasures;

c. Her general health, strength and vitality have been impaired;

d. She has incurred various out-of-pocket expenses;

e. She has incurred lost wages and her future earning power and capacity has been reduced and impaired; and

f. She has been permanently scarred and disfigured as a result of surgical intervention.

## COUNT I

### ANDREA NELKEN v. WHOLE FOODS MARKET GROUP, INC., i/t/d/b/a WHOLE FOODS MARKET and WHOLE FOODS MARKET IP, INC., i/t/d/b/a WHOLE FOODS MARKET

19. Plaintiff hereby incorporates by reference all of the allegations set forth in Paragraphs 1 through 18 of this Complaint in Civil Action as though more fully set forth at length herein.

20. At the aforementioned time, date and place, Defendant, Whole Foods Market negligently and carelessly allowed and/or permitted a dangerous, hazardous and unsafe condition to exist on/in its business premises, namely an exposed cord/wire in an area where customers, patrons, guests and invitees, including Plaintiff, Andrea Nelken were permitted to be, and were known to be frequently present by the named Defendants.

21. Plaintiff, Andrea Nelken's injuries and damages as more fully set forth herein were caused by and were the sole, direct, legal and proximate result of the negligence and carelessness of all named Defendants, generally, jointly and/or severally, and more specifically in the following particulars:

   a. In causing, allowing and/or permitting dangerous, hazardous and unsafe conditions to exist on its business premises;

   b. In failing to ensure the rights, safety and well-being of its business invitees, including Plaintiff, Andrea Nelken;

   c. In causing, allowing and/or permitting an exposed cord and/or wire to be present in an area which could not be seen and/or was not readily apparent to its customers, guests, patrons and business invitees, such as Plaintiff, Andrea Nelken;

   d. In causing, allowing and/or permitting an exposed cord and/or wire to remain on the business premises, when they knew, or reasonably should have known that their customers, guests, patrons and business invitees, including Plaintiff, Andrea Nelken, would be walking through the area in question;

   e. In failing to barricade the area in question of its business premises in order to prevent its customers, patrons, guests and business invitees from walking in close proximity to the exposed cord and/or wire until such time as they could have made the area safe for pedestrian traffic;

   f. In failing to properly warn its customers, patrons, guests and business invitees, including Plaintiff, Andrea Nelken, of the inherently dangerous conditions that existed in and on their business premises prior to and at the time of the incident at issue;

g.  In failing to properly warn its customers, patrons, guests and business invitees, including Plaintiff, Andrea Nelken, of the exposed cord/wire that existed in and on its business premises, which was hidden and not known to exist by Plaintiff, Andrea Nelken, and which could not be reasonably observed and/or discovered by her;

h.  In failing to take any steps, methods and/or adequate precautions to remove, correct, remedy or alter the location of the exposed cord and/or wire so that it did not create a tripping hazard to their customers, patrons, guests and business invitees, including Plaintiff, Andrea Nelken;

i.  In failing to properly inspect and maintain its business premises and/or remove, correct, remedy or alter the location of the exposed cord and/or wire in order to ensure the safety and well-being of its customers, patrons, guests and business invitees, including Plaintiff, Andrea Nelken;

j.  In causing, allowing and/or permitting an exposed cord and/or wire to exist in an area where pedestrian traffic of its customers, patrons, guests and business invitees was known and/or expected to exist and occur;

k.  In failing to take any precautions to ensure that the exposed cord and/or wire was properly covered and/or secured to the floor area by various and feasible means so that it did not create a tripping hazard;

l.  In failing to properly cover and/or secure the exposed cord and/or wire so that it would not pose a danger to customers, patrons, guests and business invitees, including Plaintiff, Andrea Nelken;

m.  In allowing their business premises to be used by its business invitees, including Plaintiff, Andrea Nelken, when they knew, or reasonably should have known that dangerous, hazardous and unsafe conditions existed therein;

n.  In failing to adequately and routinely inspect the area in question when they knew or reasonably should have known that their customers, patrons, guests and business invitees, including Plaintiff, Andrea Nelken would be walking through this area;

o.  In causing, allowing and/or permitting the dangerous, hazardous and unsafe condition to remain within its business premises, thereby creating a dangerous, hazardous and unsafe walking surface and/or area;

p.  In causing, allowing and/or permitting the exposed cord/wire to exist and be present, in violation of the various statutes and ordinances of the local borough, Allegheny County and the Commonwealth of Pennsylvania;

q.  In violating various sections of the International Property Maintenance Code, including but not limited to those dealing with the presence of tripping hazards;

r.  In violating various sections of all applicable codes, regulations and statutes that deal with and address the presence and existence of tripping hazards within retail businesses;

s.  In violating various standards and generally accepted principles and practices for pedestrian safety;

t.  In failing to regularly inspect its business premises, particularly the area in question, when they knew or reasonably should have known that this area was subject to high/regular pedestrian traffic;

u.  In failing to properly recognize, address, remove, correct, remedy and/or alter the cord/wire so that it did not create a tripping hazard;

v.  In failing to properly design the area in question so that it was safe for their customers, patrons, guests and business invitees, including Plaintiff, Andrea Nelken;

w.  In failing to properly design the area in question so that tripping hazards were not present;

x.  In failing to properly design the area in question so as to ensure the safety and well-being of their customers, patrons, guests and business invitees, including Plaintiff, Andrea Nelken;

y.  In failing to ensure that its business premises were kept free and clear of any dangerous, hazardous and unsafe conditions so as to ensure that its customers, patrons, guests and business invitees, including Plaintiff, Andrea Nelken, would have a safe walking surface when frequenting their business premises;

z.  In failing to place any signs, warnings, barricades and other such devices near the exposed cord/wire so as to prevent its customers, patrons, guests and business invitees, including Plaintiff, Andrea Nelken, from encountering an unsafe, dangerous and hazardous condition;

aa.  In failing to properly train its agents, servants and/or employees to recognize, remove, correct, remedy or alter any and all dangerous, hazardous and unsafe conditions, including exposed cords and wires, from its business premises in order to ensure the safety and well-being of its customers, patrons, guests and business invitees, including Plaintiff, Andrea Nelken;

bb. In failing to employ an adequate number of agents, servants and/or employees so as to permit regular and routine inspections of its business premises in order to ensure that no dangerous, hazardous and unsafe conditions, including the exposed cord/wire in question, existed thereon;

cc. In failing to have in place any rules, regulations, procedures and/or policies regarding the regular inspection, recognition and/or removal of dangerous, hazardous and unsafe conditions, such as those referenced herein, from its business premises in order to ensure the safety and well-being of its customers, patrons, guests and business invitees, including Plaintiff, Andrea Nelken;

dd. In failing to ensure that its agents, servants and/or employees were equipped with and/or had available to them the necessary instrumentation, equipment and tools necessary to remove, correct, remedy or alter the location of the exposed cord/wire;

ee. In failing to post and/or place any warning signs and/or cones in the area in question in order to properly warn its customers, patrons, guests and business invitees of the dangerous, hazardous and unsafe conditions which were then and there existing;

ff. In permitting the dangerous, hazardous and unsafe condition as referenced herein to exist and be present without proper removal or alteration for an extended period of time when they knew or reasonably should have known that the area in question was being frequented by their customers, patrons, guests and business invitees, including Plaintff, Andrea Nelken;

gg. In failing to properly place and/or design the exposed cord/wire in such a manner that it did not constitute a tripping hazard for their customers, patrons, guests and business invitees, including Plaintiff, Andrea Nelken;

hh. In causing, allowing and/or permitting a hidden tripping hazard to exist within their business premises in an area that they knew or should have known would be subject to regular and frequent pedestrian traffic;

ii. In failing to properly recognize that the exposed cord/wire constituted a tripping hazard to their customers, patrons, guests and business invitees, including Plaintiff, Andrea Nelken;

jj. In failing to properly train its agents, servants and/or employees to look for, report and remove tripping hazards from their business premises; and

kk. Such other acts of negligence and carelessness as may be revealed during the course of discovery and/or at the time of trial of this matter.

WHEREFORE, Plaintiff, Andrea Nelken respectfully requests this Honorable Court to enter judgment in her favor and against Defendants, Whole Foods Market Group, Inc., i/t/d/b/a Whole Foods Market and Whole Foods Market IP, Inc., i/t/d/b/a Whole Foods Market in an amount in excess of the mandatory arbitration limits of Allegheny County, together with any and all interest, associated costs and such other relief as this Court may deem to be just and appropriate.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

DELVECCHIO & MILLER LLC

By: *[signature]*

Christopher M. Miller, Esquire
*Counsel for Plaintiff, Andrea Nelken*

## VERIFICATION

I verify that the statements made in the COMPLAINT IN CIVIL ACTION are true and correct; that the attached COMPLAINT IN CIVIL ACTION is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of the lawsuit. The language of the COMPLAINT IN CIVIL ACTION is that of counsel and not Plaintiffs. I have read the COMPLAINT IN CIVIL ACTION and to the extent that the COMPLAINT IN CIVIL ACTION is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the content of the COMPLAINT IN CIVIL ACTION is that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

_____
Andrea Nelken

04 · 08 · 2022
Date

**CERTIFICATE OF SERVICE**

I, Christopher M. Miller, Esquire hereby certify that a true and correct copy of the **Complaint in Civil Action** has been served upon the following parties and/or counsel of record, on this the 8th day of April, 2022, by First Class U.S. Mail, postage prepaid and/or email:

**John M. Wutz, Esquire**
**Chartwell Law**
**130 North 18th Street, 26th Floor**
**Philadelphia, PA 19103**

Respectfully submitted,

DELVECCHIO & MILLER, LLC

By: _____
Christopher M. Miller, Esquire
*Counsel for Plaintiff, Andrea Nelken*